1 | Konrad K. Gatien (Bar No. 221770)
kgatien@raineslaw.com
2 | Nicole Cohen (Bar No. 261109)
ncohen@raineslaw.com
3 | Raines Feldman LLP
9720 Wilshire Boulevard
4 | Fifth Floor
Beverly Hills, California 90212
5 | Telephone:  (310) 440-4100
Facsimile:  (310) 765-7647
6 |
7 | Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.
8 |
9 |               UNITED STATES DISTRICT COURT
10 |              CENTRAL DISTRICT OF CALIFORNIA
11 |                       WESTERN DIVISON
12 |
13 | MAD DOGG ATHLETICS, INC., a          Case No.   CV12- 01764 PA(FFMx)
California corporation,
14 |                                      COMPLAINT FOR:
                      Plaintiff,
15 |                                      1. FEDERAL TRADEMARK
            v.                              COUNTERFEITING (15 U.S.C. § 1114);
16 |                                      2. FEDERAL UNFAIR COMPETITION
ZAZZLE, INC., a California                  AND FALSE DESIGNATION OF
17 | corporation; and JOHN DOES 1-10,      ORIGIN (15 U.S.C. § 1125(a));
18 |                                      3. STATE STATUTORY UNFAIR
                      Defendants.            COMPETITION, TRADEMARK
19 |                                         INFRINGEMENT AND TRADEMARK
                                            COUNTERFEITING (CAL. BUS. &
20 |                                         PROF. CODE §§ 17200 et seq., 14245
                                            AND 14250);
21 |                                      4. STATE COMMON LAW UNFAIR
22 |                                         COMPETITION AND TRADEMARK
                                            INFRINGEMENT; and
23 |                                      5. CONSTRUCTIVE TRUST.
24 |
25 |
26 |
27 |
28 |

Z:\CLIENTS\GATIEN\Mad Dogg\14 - Zazzle\Pleadings\Complaint - Zazzle.docx

In this lawsuit, plaintiff MAD DOGG ATHLETICS, INC. ("Mad Dogg") seeks to protect its exclusive right to use its federally registered SPINNING® Trademarks in connection with the sale of apparel.  Accordingly, Mad Dogg seeks an injunction against the unauthorized use by defendants, ZAZZLE, INC. and JOHN DOES 1-10 (collectively, "Defendants"), of Mad Dogg's valuable trademark rights, monetary damages, and such other relief as the Court deems just and proper.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 15 U.S.C §§ 1116(a) and 1121; 28 U.S.C. §§ 1331, and §§ 1338(a) and (b); and 28 U.S.C. § 1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## Parties

2.      Mad Dogg is a corporation duly organized and existing under the laws of the State of California, located and doing business at 2111 Narcissus Court, Venice, California, 90291.

3.      On information and belief, defendant ZAZZLE, INC. is a corporation organized and existing under the laws of the State of California, located and doing business from its Web site (http://www.zazzle.com) and from its business located at 1900 Seaport Blvd., Fourth Floor, Redwood City, California, 94063.  On information and belief, this defendant is subject to the jurisdiction of this Court by using trademarks that are identical with, or substantially indistinguishable from, Mad Dogg's federally registered SPINNING® Trademarks (Reg. No. 2003922) (hereinafter the SPINNING® Trademarks), in connection with its advertising, distributing, selling and/or offering for sale in this judicial district of apparel, namely, shirts.

4.      Mad Dogg is informed and believes that defendants John Does 1-10 are doing business in this judicial district and the State of California with the named defendant and have purchased and/or sold and/or distributed apparel wrongfully

-1-                                COMPLAINT

1  bearing counterfeits of Mad Dogg's SPINNING® Trademarks.  Upon information and
2  belief, due to the nature of the defendants and their business practices, the identity of
3  the various John Does is not presently known, and the Complaint herein will be
4  amended to include the name(s) of said individuals if and when such information
5  becomes available.

### Plaintiff's Rights

7       5.     Mad Dogg was founded in 1994 and is the leader in the United States and
8  worldwide of indoor cycling instruction and the sale of stationary exercise bicycles
9  and apparel related thereto, namely shirts.  Mad Dogg has created, developed and
10  marketed the world famous SPINNING® program: A fitness education and training
11  program for use in connection with indoor cycling via stationary exercise bicycles.  In
12  connection with Mad Dogg's SPINNING® program, Mad Dogg manufactures and
13  sells apparel, namely, shirts, for indoor cycling (hereinafter referred to as
14  "SPINNING® Apparel").  Mad Dogg markets its SPINNING® Apparel under its
15  federally registered SPINNING® Trademarks, which include the following
16  registrations, among others, SPINNING (Reg. No. 2003922) and the SPINNING
17  Rider Logo (Reg. No. 2062912) .  True and correct printouts from the USPTO Web
18  site evidencing Mad Dogg's federal registration of the SPINNING® Trademarks are
19  attached hereto as **Exhibit 1**.

20       6.     The SPINNING® Trademarks are in full force and effect and said
21  registrations has become incontestable pursuant to 15 U.S.C. § 1065.

22       7.     Mad Dogg has set the standard in the fitness world for exercise via
23  stationary exercise bicycles and fitness instruction related thereto.  For example, Mad
24  Dogg is famous for being one of the world's largest fitness education companies with
25  over 200,000 trained SPINNING® program instructors teaching in approximately
26  35,000 facilities in 80 countries worldwide.

27
28

COMPLAINT

8. Mad Dogg has expended substantial time, effort and financial resources in connection with its development and sale of its SPINNING® program and related SPINNING® Apparel.

9. Mad Dogg spends approximately $1,000,000 per year to advertise its SPINNING® program and related SPINNING® Apparel.

10. Mad Dogg's has received substantial revenues from its sale of authentic SPINNING® Apparel.

11. Mad Dogg has successfully enforced its trademark rights against infringers in the past.

12. As a business policy, Mad Dogg has established and maintains high standards of quality for licensed products bearing or being offered for sale under the SPINNING® Trademarks. Mad Dogg maintains stringent quality control over licensees, sponsors, and users of the SPINNING® Trademarks with respect to the style and quality of licensed goods sold or offered for sale bearing or being offered for sale under the SPINNING® Trademarks and the manner of use of said marks on said goods in order to preserve and protect Mad Dogg's valuable trademark rights. The foregoing quality control procedures ensure that all such goods bearing or associated with the SPINNING® Trademarks will be identified by purchasers as high quality goods emanating from, licensed by, sponsored by, or authorized by Mad Dogg.

13. Mad Dogg's SPINNING® Apparel bearing or being offered for sale under the SPINNING® Trademarks are widely distributed throughout the United States and worldwide. There is a substantial public demand for such goods, and because of said public demand, the right to manufacture, sell, distribute and/or license such goods is a valuable commercial property right.

14. Mad Dogg's SPINNING® Apparel has been advertised by Mad Dogg and its licensees to the public and trade throughout the United States and

COMPLAINT

internationally on an extensive and frequent basis in a variety of media including without limitation catalogs, trade publications, trade shows and the Internet.

15. Mad Dogg's SPINNING® Apparel, by reason of its excellence, has come to be known to the purchasing public throughout the United States and worldwide as representing products of the highest quality. As a result, the SPINNING® Trademarks and the goodwill associated therewith are of inestimable value to Mad Dogg.

16. By virtue of the wide renown of the SPINNING® Trademarks and the wide geographic distribution and extensive sale of Mad Dogg's goods and services bearing the SPINNING® Trademarks, including specifically the SPINNING® Apparel, the SPINNING® Trademarks have developed secondary meaning and significance in the minds of the purchasing public and are well-known and distinctive. As a direct result of this renown, Mad Dogg's SPINNING® Apparel bearing or being offered for sale under the SPINNING® Trademarks is immediately identified by the purchasing public with Mad Dogg.

### Defendants' Counterfeiting Activity

17. Long after Mad Dogg's adoption and use of its SPINNING® Trademarks in connection with the sale of Mad Dogg's SPINNING® Apparel, Defendants, on information and belief, began to manufacture, export, advertise, market, promote, distribute, offer for sale and sell into this judicial district apparel, namely, shirts, bearing counterfeits of the SPINNING® Trademarks, which apparel does not originate from and is not sponsored by or affiliated with Mad Dogg (hereinafter "Defendants' Counterfeit Goods"). True and correct copies of printouts of pictures of Defendants' Counterfeit Goods are attached hereto as **Exhibit 2**.

18. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional counterfeiting of Mad Dogg's SPINNING® Trademarks, are in total disregard of Mad Dogg's rights, and were commenced and

-4-                                  COMPLAINT

have continued despite Defendants' knowledge that the use by Defendants of a mark that is identical with, or substantially indistinguishable from, Mad Dogg's SPINNING® Trademarks, in connection with the advertisement, offering or sale and sale of Defendants' Counterfeit Goods, was and is in direct contravention of Mad Dogg's rights.

19. The use by Defendants of a mark that is identical with, or substantially indistinguishable from, Mad Dogg's SPINNING® Trademarks in connection with Defendants' Counterfeit Goods was and is without Mad Dogg's consent, is likely to cause confusion and mistake in the minds of the purchasing public, and tends to and does falsely create the impression that Defendants and/or Defendants' Counterfeit Goods originate from or are authorized, sponsored, or approved by Mad Dogg when they are not.

## COUNT I

### (Federal Trademark Counterfeiting)

### [15 U.S.C. § 1114]

20. Mad Dogg repeats and realleges all preceding paragraphs as if fully restated herein.

21. Defendants use counterfeits of the SPINNING® Trademarks in connection with Defendants' manufacturing, advertising, distribution, offering for sale and sale of Defendants' Counterfeit Goods.

22. Defendants' activities as set forth herein constitute Defendants' unauthorized use in commerce of the SPINNING® Trademarks in commerce.

23. Upon information and belief Defendants have willfully infringed and counterfeited the SPINNING® Trademarks. Defendants' use of the SPINNING® Trademarks in connection with Defendants' Counterfeit Goods was and is without Mad Dogg's authorization or consent.

COMPLAINT

24. Defendants' use of the SPINNING® Trademarks in connection with Defendants' Counterfeit Goods is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of the products, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Defendants' advertising, offering for sale and sale of Defendants' Counterfeit Goods has and is subjecting consumers to confusion in that consumers are likely to purchase Defendants' Counterfeit Goods falsely believing that Defendants and/or Defendants' Counterfeit Goods are affiliated, connected, or associated with Mad Dogg, or falsely believing that Defendants and/or Defendants' Counterfeit Goods originate from, or are sponsored or approved by Mad Dogg when they are not.

26. Defendants have intentionally used in connection with the advertisement, distribution, offering for sale and sale of Defendants' Counterfeit Goods the SPINNING® Trademarks knowing said trademarks are the exclusive property of Mad Dogg.

27. Defendants' conduct is intended to exploit the goodwill and reputation associated with Mad Dogg and its registered SPINNING® Trademarks.

28. Mad Dogg has no control over the quality of Defendants' Counterfeit Goods. Because of the very real likelihood of confusion as to the source of Defendants' Counterfeit Goods, Mad Dogg's reputation and valuable goodwill in its SPINNING® Trademarks are subject to Defendants' unscrupulous tactics.

29. Defendants' activities as aforesaid creates the false and misleading impression that Defendants are sanctioned, authorized and/or licensed by Mad Dogg to use Mad Dogg's SPINNING® Trademarks to manufacture, advertise, distribute, offer for sale or sell apparel bearing the SPINNING® Trademarks when Defendants are not so authorized.

30. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell

-6-                                    COMPLAINT

are in some way affiliated, connected, or associated with Mad Dogg, or are sponsored or approved by Mad Dogg when Defendants are not.

31.     Defendants' unauthorized use of the SPINNING® Trademarks as set forth above has resulted in Defendants unfairly benefiting from Mad Dogg's advertising and promotion, and profiting from Mad Dogg's reputation and its registered SPINNING® Trademarks, to the substantial and irreparable injury of the public, Mad Dogg, and the SPINNING® Trademarks and the substantial goodwill represented thereby.

32.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Mad Dogg, and unless such acts are restrained by this Court, they will be continued, thereby causing Mad Dogg to continue to suffer great and irreparable injury.  Mad Dogg has no adequate remedy at law.

33.     Mad Dogg is informed and believes and thereupon alleges that Defendants' counterfeiting is both intentional and egregious.

34.     Defendants' acts of counterfeiting as alleged herein have been undertaken with knowledge of Mad Dogg's exclusive rights to the SPINNING® Trademarks, entitling Mad Dogg to an award of three times Defendants' profits or damages, whichever is greater, plus attorneys' fees and costs and prejudgment interest in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b); or alternatively, of statutory damages of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. § 1117(c).

## COUNT II

### (Federal Unfair Competition and False Designation of Origin)
### [15 U.S.C. § 1125(a) and Lanham Act § 43(a)]

35.     Mad Dogg repeats and realleges all preceding paragraphs as if fully restated herein.

COMPLAINT

36.     Defendants' use of Mad Dogg's SPINNING® Trademarks, including on Defendants' Counterfeit Goods and on the World Wide Web, constitutes unfair competition and a false designation of origin that is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of Defendants and/or Defendants' Counterfeit Goods in violation of § 43(a) of the Lanham Act. Specifically, consumers are subject to confusion and are likely to purchase Defendants' Counterfeit Goods falsely believing that Defendants and/or Defendants' Counterfeit Goods are affiliated, connected, or associated with Mad Dogg, or falsely believing that Defendants and/or Defendants' Counterfeit Goods originate from, or are sponsored or approved by Mad Dogg when they are not.

37.     Mad Dogg has no control over the nature and quality of Defendants' Counterfeit Goods.  Any failure, neglect or default by Defendants in providing high quality products will reflect adversely on Mad Dogg as the believed source of origin thereof.  This activity and the false representations made by Defendants asserting an association, sponsorship or approval by Mad Dogg of Defendants' Counterfeit Goods impair efforts by Mad Dogg to continue to protect its outstanding reputation for high quality SPINNING® Apparel and will result in loss of sales and goodwill by Mad Dogg, causing irreparable harm of Mad Dogg.

38.     Unless enjoined by this Court, Defendants will continue to engage in the acts of false representation and designation complained of herein, causing irreparable harm to Mad Dogg.

39.     Defendants' continued false representation and designation is with full knowledge of Mad Dogg's exclusive rights in and to its SPINNING® Trademarks, and such acts are made in conscious disregard of Mad Dogg's rights, entitling Mad Dogg to an award of three times Defendants' profits or damages, whichever is greater, plus attorneys' fees and costs and prejudgment interest in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b); or alternatively, of statutory damages of

not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. § 1117(c).

## COUNT III

### (State Statutory Unfair Competition, Trademark Infringement and Trademark Counterfeiting)

**[Cal. Bus. & Prof. Code §§ 17200 et seq., 14245 and 14250]**

40.     Mad Dogg repeats and realleges the preceding paragraphs as if fully restated herein.

41.     This claim arises under the California Business and Professions Code sections 17200 et seq., 14245 and 14250, relating to unfair competition, trademark infringement and trademark counterfeiting.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the trademark laws of the United States, and under 28 U.S.C. § 1367.

42.     Plaintiff owns all right, title, and interest in and to its SPINNING® Trademarks in connection with the manufacture, advertisement, distribution, offering for sale and sale of apparel, including, specifically, shirts.

43.     Defendants have no right to use Plaintiff's SPINNING® Trademarks.

44.     Upon information and belief, Defendants have manufactured (or caused to be manufactured), exported, advertised, marketed, promoted, distributed, offered for sale and sold shirts bearing counterfeits of Mad Dogg's SPINNING® Trademarks.  Such unauthorized use by Defendants of marks that are identical with, or substantially indistinguishable from, Mad Dogg's SPINNING® Trademarks, was done with the intent of causing confusion, mistake, and deception as to the source of origin of Defendants' Counterfeit Goods and with the intent to palm off such goods, and to place others in the position to palm off their goods, as being made, marketed,

sponsored, licensed or otherwise authorized or approved by Mad Dogg when they are not.

45.     The acts of Defendants have violated the trademark and unfair competition laws of the State of California and specifically California Business and Professions Code sections 17200 et seq., 14245 and 14250.

46.     By such actions in counterfeiting Plaintiff's SPINNING® Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to said trademarks.

47.     Plaintiff has no adequate remedy at law.  Plaintiff is suffering irreparable harm and damage to Plaintiff's SPINNING® Trademarks and to its business, reputation, and goodwill as a result of the acts of Defendants complained of herein in an amount to be determined at trial.

<div align="center">

**COUNT IV**

**(State Common Law Unfair Competition**

**and Trademark Infringement)**

</div>

48.     Mad Dogg repeats and realleges all preceding paragraphs as if fully restated herein.

49.     This claim arises under the common law of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

50.     Plaintiff is the owner of all right, title, and interest in and to Plaintiff's SPINNING® Trademarks and the common law rights in and to same, as set forth in detail in the preceding paragraphs of this Complaint.

51.     Defendants' Counterfeit Goods incorporate matter constituting replicas and imitations of Plaintiff's SPINNING® Trademarks.  Such unauthorized use by

COMPLAINT

Defendants constitutes unfair competition and trademark infringement, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of Defendants' Counterfeit Goods and to cause purchasers to believe such products are Plaintiff's authentic products when, in fact, they are not.

52.     Defendants have intentionally appropriated Plaintiff's SPINNING® Trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of the Plaintiff and to place others in the position to palm off their goods as those of Plaintiff, and, as such, Defendants have committed unfair competition and trademark infringement under the common law of the state of California.

53.     By infringing Plaintiff's trademark rights, Defendants have and are improperly trading upon Plaintiff's enviable reputation and goodwill and is impairing Plaintiff's valuable rights in and to its SPINNING® Trademarks.

54.     The activities of Defendants complained of herein constitute willful and intentional acts of unfair competition and infringement of Plaintiff's rights.

55.     Plaintiff has no adequate remedy at law.  The conduct of Defendants has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff's rights in its SPINNING® Trademarks and to Plaintiff's business, reputation, and goodwill.

**COUNT V**

**(Constructive Trust)**

**[Cal. Civ. Code § 2224]**

56.     Mad Dogg repeats and realleges all preceding paragraphs as if fully restated herein.

57.     This claim arises under California Civil Code § 2224 and the common law of the State of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of

constructive trust joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

58.     Mad Dogg states, upon information and belief and thereupon alleges, that Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendants' unauthorized manufacture, distribution, and/or sale of Defendants' Counterfeit Goods.

59.     Mad Dogg is entitled to Defendants' profits from the counterfeiting of Mad Dogg's SPINNING® Trademarks pursuant to 15 U.S.C. §§ 1114 and 1125 et seq., and California Business and Professions Code § 14250.

60.     Mad Dogg has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts as aforementioned.  Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' counterfeiting activities as constructive trustees for the benefit of Mad Dogg, in an amount thus far not determined.

## ALLEGATION OF DAMAGE COMMON TO ALL COUNTS

61.     Mad Dogg has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendants' aforesaid activities. Defendants will, unless restrained and enjoined by this Court, continue to act in the unlawful manner complained of herein, all to the irreparable damage of Mad Dogg's business, reputation and good will.  Mad Dogg's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

62.     By reason of Defendants' acts complained of herein, Mad Dogg has suffered monetary damages thus far not determined with certainty, but which will be pled with more specificity upon completion of discovery.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Mad Dogg demands:

1. That Defendants, their officers, directors, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert participation and combination with them or any of them, be both preliminarily and permanently enjoined and restrained from:

a. using Mad Dogg's SPINNING® Trademarks, and/or any mark or term that is identical thereto, substantially indistinguishable therefrom, or confusingly similar thereto;

b. using any false designation, description or representation regarding the source of Defendants' apparel, in particular from using Mad Dogg's SPINNING® Trademarks;

c. further infringing Mad Dogg's SPINNING® Trademarks and thereby damaging Mad Dogg's goodwill and reputation;

d. falsely advertising or promoting Defendants' apparel and business by using Mad Dogg's SPINNING® Trademarks, and/or any mark or term that is identical thereto, substantially indistinguishable therefrom, or confusingly similar thereto, or otherwise engaging in deceptive acts and practices in the conduct of their businesses;

e. otherwise counterfeiting or infringing any of Mad Dogg's trademarks, including specifically Mad Dogg's SPINNING® Trademarks, or competing unfairly with Mad Dogg;

\\\
\\\
\\\
\\\
\\\

-13-                                    COMPLAINT

f.    secreting, destroying, altering, removing, or otherwise dealing with Defendants' Counterfeit Goods, or any books or records containing any information relating to the manufacturing, producing, advertising, promoting, marketing, distributing, offering for sale, selling, displaying or otherwise disposing of all such products that infringe Mad Dogg's rights; and

g.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs "a." through "f." above.

2.    That the Court issue an order requiring Defendants to show cause why, pending a trial on the merits, it should not issue a Preliminary Injunction Order in accordance with Paragraph 1 of this Prayer for Relief.

3.    That the Court issue a Preliminary Injunction in accordance with the orders requested in Paragraph 1 of this Prayer for Relief.

4.    That the Court issue a Permanent Injunction making permanent the orders requested in Paragraph 1 of this Prayer for Relief.

5.    That Defendants be required to deliver up to the Court, or Mad Dogg, any and all apparel in its possession, custody, or control that constitute counterfeits of Mad Dogg's SPINNING® Trademarks pursuant to 15 U.S.C. § 1118.

6.    That Defendants be required to prepare and deliver to the Court a complete list of entities from whom Defendants purchased, and to whom Defendants distributed and/or sold Defendants' Counterfeit Goods and to serve a copy of such list on Mad Dogg's attorneys.

7.    That Defendants be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of Defendants' Counterfeit Goods.

COMPLAINT

8.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Mad Dogg's attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1-7, above.

9.     That Defendants be required to account for and pay over to Mad Dogg cumulative damages sustained by Mad Dogg by reason of Defendants' unlawful acts of trademark counterfeiting herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Mad Dogg under 15 U.S.C. § 1117 (b); or, alternatively, that Mad Dogg be awarded statutory damages of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. § 1117(c).

10.     That Mad Dogg be awarded damages for Defendants' common law unfair competition and trademark counterfeiting, together with prejudgment and post-judgment interest.

11.     That the present case be found exceptional and that attorneys' fees be awarded to Mad Dogg under 15 U.S.C. § 1117(b).

12.     That Mad Dogg be awarded punitive damages for Defendants' acts of common law unfair competition in an amount to be determined at trial.

13.     That the Court award Mad Dogg its costs of suit incurred herein.

14.     That the Court retain jurisdiction of this action for the purpose of enabling Mad Dogg to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

15.     That the Court grant Mad Dogg such other and further relief as it deems just and equitable to make Mad Dogg whole for the damage caused by Defendants and

1   to prevent the trade and public from deriving any erroneous impression that any

2   products manufactured, sold or otherwise circulated or promoted by Defendants are

3   authorized by Mad Dogg or related in any way to Mad Dogg or Mad Dogg's products

4

5

6

7                   RAINES FELDMAN, LLP

8

9   Dated:  February 25, 2012           By: _____

10                          Konrad K. Gatien

11                          Attorneys for Plaintiff

12                          MAD DOGG ATHLETICS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    COMPLAINT

# EXHIBIT 1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Feb 25 04:35:46 EST 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [____] OR Jump | to record: [____]   **Record 50 out of 52**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | SPINNING |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: prerecorded video cassettes featuring exercise and general physical fitness instruction. FIRST USE: 19900200. FIRST USE IN COMMERCE: 19900200 |
| | IC 025. US 022 039. G & S: clothing in the nature of sports and leisure clothing, namely shoes, T-shirts, sweatshirts, sweat pants, polo shirts, shorts, sports coats and jackets, socks, sweatbands, and warmup suits. FIRST USE: 19900100. FIRST USE IN COMMERCE: 19900100 |
| | IC 028. US 022 023 038 050. G & S: exercise equipment in the nature of stationary exercise bicycles and weight training machines. FIRST USE: 19900100. FIRST USE IN COMMERCE: 19900100 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74587547 |
| **Filing Date** | October 19, 1994 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 9, 1996 |
| **Registration Number** | 2003922 |
| **Registration Date** | October 1, 1996 |
| **Owner** | (REGISTRANT) Mad Dogg Athletics, Inc. CORPORATION CALIFORNIA 2111 Narcisus Court Venice CALIFORNIA 90291 |
| **Attorney of** | |

| | |
|---|---|
| **Record** | Konrad K. Gatien |
| **Prior Registrations** | 1780650;1808045 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20060414. |
| **Renewal** | 1ST RENEWAL 20060414 |
| **Live/Dead Indicator** | LIVE |



| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Feb 25 04:35:46 EST 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At:         OR Jump to record:         **Record 46 out of 52**

TARR Status | ASSIGN Status | TDR | TTAB Status ( *Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: prerecorded video cassettes featuring exercise and general physical fitness instruction. FIRST USE: 19950100. FIRST USE IN COMMERCE: 19950400 |
| | IC 025. US 022 039. G & S: clothing in the nature of sports and leisure clothing, namely, shoes, T-shirts, sweatshirts, sweat pants, polo shirts, shorts, sports coats and jackets, socks, sweatbands, and warm-up suits. FIRST USE: 19920100. FIRST USE IN COMMERCE: 19920100 |
| | IC 028. US 022 023 038 050. G & S: exercise equipment, namely, stationary exercise bicycles and weight lifting equipment. FIRST USE: 19920100. FIRST USE IN COMMERCE: 19920100 |
| | IC 041. US 100 101 107. G & S: physical fitness instruction. FIRST USE: 19920100. FIRST USE IN COMMERCE: 19920100 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 02.01.33 - Grotesque men formed by letters, numbers, punctuation or geometric shapes; Stick figures<br>02.09.19 - Diving, humans; Humans, including men, women and children, depicted playing games or engaged in other sports; Playing games or sports, humans<br>21.03.07 - Barbell sets; Dumbbells; Exercise bicycles; Exercise machines; Exercise weights; Handgrips, exercise; Rowing machines; Weight lifting machines; Weights, exercise |
| **Serial Number** | 75070641 |
| **Filing Date** | March 11, 1996 |
| **Current Filing** | |

| | |
|---|---|
| **Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 25, 1997 |
| **Registration Number** | 2062912 |
| **Registration Date** | May 20, 1997 |
| **Owner** | (REGISTRANT) MAD DOGG ATHLETICS, INC. CORPORATION CALIFORNIA 2111 NARCISUS COURT VENICE CALIFORNIA 90291 |
| **Attorney of Record** | Konrad K. Gatien |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20070221. |
| **Renewal** | 1ST RENEWAL 20070221 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT 2



Wedding Week: Bridal Shower Kits - 50% Off ALL Invites, Postcards & Stickers!    Use Code: BRIDALSHOWER    **Ends Tomorrow!** (details)

Home > Hobbies

| Model | Product | Design |









| Views | Models |

**No minimum orders • No setup fees • Ships tomorrow!**

Like  ✉ f  t  ⊕  Link...

Created By HeartShop: Store | Profile

## Basic T-Shirt

Comfortable, casual and loose fitting, our heavyweight t-shirt will quickly become one of your favorites. Made from 6.0 oz, pre-shrunk 100% cotton, it wears well on anyone. We've double-needle stitched the bottom and sleeve hems for extra durability. Imported.

Read more...

## I Love Spinning t-shirt

I Heart Spinning t-shirts for those who love Spinning.

Product id: 235200794529986125
Made on 11/9/2007 4:43 AM

Rated **G**

Report violation

## Sizing Information  [Size Chart]

| Body Size For: Adult L | Classic Fit | • Loosely follows shape of body |
|---|---|---|
| Chest: 43.5 - 45.5 in | | • Order one size down for tighter fit |
| Waist: 37.5 - 39.5 in | | • Order one size up for relaxed fit |
| Hips: 43.5 - 45.5 in | (learn more) | • Sizes run standard |

## Apparel Volume Discounts

| Quantity | Discount | You don't have to buy multiples of the same shirt to receive a quantity discount. You'll receive a quantity |
|---|---|---|

### I Love Spinning t-shirt

(Read 425 similar reviews)

In stock!

Size:  [Select a size ▾]  [Size Chart]

Quantity:  [1 ▾]  shirt. Only $15.86 in bulk!

As low as $19.25 on a Value T-Shirt

[Add to cart]    **$24.40** per shirt

[♡ Add to wishlist ▾]

### Choose your style and color

White

□ ▣ ▣ ▣ ▣ ▣ ▣ ▣ □

Select a value



| | | | | Men (17) |
| Value T-Shirt $19.25 Best value | Basic American Apparel T-Shirt $29.50 Made in USA | Ladies Baby Doll (Fitted) $25.65 | Ladies Long Sleeve $30.80 | Women (17) Kid (12) Baby (4) See all... |

Wedding Week: Bridal Shower Kits - 50% Off ALL Invites, Postcards & Stickers!  Use Code: BRIDALSHOWER  (details)

▶ **Other products you might like**



| I Love Amateur Radio t-shirt | I Love Hobbies t-shirt | I Love Arts And Crafts t-shirt |



| I Love Fashion t-shirt | I Love Smoking t-shirt | I Love Woodworking t-shirt |

▶ **Other products by HeartShop**

**T-Shirts:** spinning, i love spinning, i heart spinning, love, heart, hobby, miscellaneous, t-shirts

**Marketplace Category:** Hobbies

**All Products:** spinning , i love spinning , i heart spinning , love , heart , hobby , miscellaneous





# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 1764 PA (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Konrad K. Gatien, Esq. SBN 221770
RAINES FELDMAN LLP
9720 Wilshire Boulevard, Fifth Floor
Beverly Hills, California 90212
Tel.: (310) 440-4100
Fax: (310) 765-7647
Email: kgatien@raineslaw.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Mad Dogg Athletics, Inc., a California corporation<br><div align="right">PLAINTIFF(S)</div><br><div align="center">V.</div> | CV12-01764 PA (FFMx) |
| Zazzle, Inc., a California corporation; and JOHN DOES 1-10<br><div align="right">DEFENDANT(S).</div> | **SUMMONS** |

TO:DEFENDANT(S): <u>ZAZZLE, INC.</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Konrad K. Gatien</u>, whose address is <u>9720 Wilshire Boulevard, Fifth Floor Beverly Hills, California 90212</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  MAR - 1 2012  _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

Konrad K. Gatien, Esq. SBN 221770
RAINES FELDMAN LLP
9720 Wilshire Boulevard, Fifth Floor
Beverly Hills, California 90212
Tel.: (310) 440-4100
Fax: (310) 765-7647
Email: kgatien@raineslaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mad Dogg Athletics, Inc., a California corporation<br><div align="right">PLAINTIFF(S)</div><br><div align="center">V.</div><br>Zazzle, Inc., a California corporation; and JOHN DOES 1-10<br><div align="right">DEFENDANT(S).</div> | CASE NUMBER<br><br>CV 12 - 01764 PA(FFMx)<br><br><br><div align="center">**SUMMONS**</div> |

TO:DEFENDANT(S): <u>ZAZZLE, INC.</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Konrad K. Gatien</u>, whose address is <u>9720 Wilshire Boulevard, Fifth Floor Beverly Hills, California 90212</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR - 1 2012 _____

By: _____

JULIE PRADO   SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.<br>www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation | ZAZZLE, INC., a California corporation; and JOHN DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Konrad K. Gatien, SBN 221770<br>RAINES FELDMAN LLP<br>9720 Wilshire Boulevard, Fifth Floor<br>Beverly Hills, California 90212<br>Tel: (310) 440-4100; Fax: (310) 765-7647 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 15

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | |

CV12-01764

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 27, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com